UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SARAH V.,[1]

                           Plaintiff,            **DECISION AND ORDER**

v.                                               1:23-cv-1103-JJM

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

_____

        Plaintiff brings this action pursuant to 42 U.S.C. §405(g) to review the final

determination of the Commissioner of Social Security that she was not disabled. Before the court

are the parties' cross-motions for judgment on the pleadings [12, 14].[2] The parties have

consented to my jurisdiction [17]. Having reviewed their submissions [12, 14], this action is

remanded to the Commissioner for further proceedings consistent with this Decision and Order.

                                **BACKGROUND**

        The parties' familiarity with the 1,114-page administrative record [5] is presumed.

On August 17, 2020, plaintiff filed an application for disability insurance benefits, alleging a

disability beginning May 28, 2019. Administrative Record [5] at 17, 69. At the time, plaintiff

alleged the conditions of postoperative neuropathy, pancreas issues, reconstructed left and right

foot, gastric bypass/gastric sleeve, removed gallbladder, esophageal issues, and acid reflux. Id. at

---

[1]      In accordance with the guidance from the Committee on Court Administration and Case
Management of the Judicial Conference of the United States, which was adopted by the Western District
of New York on November 18, 2020 in order to better protect personal and medical information of non-
governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]      Bracketed references are to the CM/ECF docket entries. Page references to the administrative
record are to the Bates numbering.  All other page references are to the CM/ECF pagination.

69. Plaintiff's claim was denied initially and again on reconsideration. Id. at 17. Plaintiff requested a hearing. Id.

**A.      The Hearing**

On May 26, 2022, Administrative Law Judge ("ALJ") Linda Crovella conducted a telephone hearing. Id. at 35-67. Plaintiff was represented by an attorney. Id. At the hearing, plaintiff testified that she lives at home with her four school-aged children. Id. at 42-43. Her husband left in 2021 after having substance abuse issues. Id. at 43. The children would sometimes stay with plaintiff's parents in part because she is unable to take them places. Id. at 44. She did not drive. Id. at 51. Her sisters would help out. Id. at 59-60. The two older children would help with the younger children. Id. at 54.

Plaintiff testified that she was previously on fentanyl and medical marijuana, but was now taking Lyrica and amitriptyline, which helped somewhat. Id. at 49-50. In the winter, she was unable to sit still because of throbbing pain in her lower extremities. Id. at 55. Lying flat would alleviate the pressure. Id.  In warmer weather, she could handle 20 minutes of sitting. Id. at 56. She used a cane and wheelchair sometimes, but they were not prescribed. Id. at 57-58. She had been talking to a counselor at Catholic Charities, but the counselor left the practice. Id. at 50. She was now on a waitlist and would check in with her primary. Id. at 50-51. She got a vitamin B12 injection monthly. Id. at 51.

A vocational expert testified that plaintiff's previous work would be classified as a hospital admitting clerk (Dictionary of Occupational Titles ("DOT") 205.362-018), telephone operator (DOT 235.662-022), and data entry clerk (DOT 203.582-054). Id. at 63. The expert testified that a person with limitations consistent with ALJ Crovella's hypothetical could perform plaintiff's past relevant work. Id. Such work could accommodate taking short standing or

walking breaks, but not reclining. Id. at 63-64. Time off task tolerance would be no more than 10%, inclusive of such breaks. Id. at 64-65.

**B.      The ALJ's Decision**

On September 28, 2022, ALJ Crovella issued a Notice of Decision denying plaintiff's claim. Id. at 14-29. She found that plaintiff had the following severe impairments: neuropathy of the lower extremities; degenerative disc disease; and status post bilateral foot surgeries. Id. at 19. She noted that plaintiff had been medically treated for several other issues, including diarrhea and irritable bowel syndrome ("IBS"). Id. at 20. However, she found that "no source for the diarrhea was identified on colonoscopy", that there was no evidence that such conditions would result increase bathroom breaks during the work day. Id. She thus concluded that those conditions were non-severe. Id.

ALJ Crovella also found that plaintiff's mental conditions of substance abuse disorder, anxiety, and depression did not cause more than minimal limitations in plaintiff's ability to perform basic work activities and were thus non-severe. Id. She found that such conditions caused "only mild limitations" in each of the four broad functional areas known as the "paragraph B" criteria. Id. She reasoned that, while plaintiff did complain about some stressful life events and occasionally presented as depressed or anxious, she repeatedly declined to participate in mental health treatment and her mental status findings were largely normal. Id.

ALJ Crovella found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) with certain postural and environmental limitations. Id. at 23. ALJ Crovella found that plaintiff had past relevant work, and that plaintiff could perform those jobs as they are generally performed. Id. at 28-29. Accordingly, she found that plaintiff was not disabled. Id. at 29.

C.      The Medical Evidence

Consultative examiner Gilbert Jenouri, M.D. examined plaintiff, who reported a history of pancreatic insufficiency, arthritis, peripheral neuropathy, bilateral lower extremity and foot numbness/pain, complications from gastric bypass and hernia repair, and pain in her neck, low back, and feet. Id. at 842. Plaintiff engaged in regular cooking, cleaning, laundry, shopping, childcare, and self-care. Id. at 843. Plaintiff appeared to be in no acute distress, but displayed a neuropathic gait. Id. She displayed limited range of motion in the lower body and "4/5" lower extremity strength. Id. at 844.

Dr. Jenouri opined that plaintiff had "[m]oderate to marked" restrictions in walking and standing for long periods, bending, stair climbing, lifting, and carrying. Id. at 845. ALJ Crovella found that opinion "not very persuasive" as being vague and not functionally specific. Id. at 27. She further found Dr. Jenouri's opinion inconsistent with his own examination findings, which noted no assistive devices and mostly full strength. Id.

Plaintiff did not attend her scheduled mental consultative examination. Id. at 27, 89. Plaintiff also failed to respond to the Commissioner's inquiry about the missed examination. Id. ALJ Crovella advised that Social Security regulations allow an adverse inference to be drawn from the failure to appear for a consultative examination without good reason. Id. at 27 (citing 20 CFR 404.1518).

State agency medical consultant A. Periakaruppan, M.D. reviewed plaintiff's treatment history and assessed her with the severe conditions of peripheral neuropathy and inflammatory bowel disease. Id. at 73. Dr. Periakaruppan opined that plaintiff could perform sedentary exertion with occasional postural activities. Id. at 74-76. State agency medical consultant S. Siddiqui, M.D. affirmed these findings on reconsideration. Id. at 89-93. ALJ

Crovella found these opinions to be "very persuasive", as they were supported by and consistent with the record. Id. at 28.

On February 8, 2022, Jenny Rabinovich, N.P. submitted an opinion, which noted that she had treated the claimant since May 29, 2019 and saw her two to four times per year for neuropathy. Id. at 1081. While she indicated a "[g]ood" prognosis and no side effects from medication, she opined that plaintiff would miss more than four days per month, could sit or stand less than 15 minutes at a time and less than an hour per day, and could never balance, crouch, or stoop. Id. at 1081-85.

ALJ Crovella found this opinion "wholly unpersuasive", finding NP Rabinovich's "overstated" limitations to be without supporting explanation or reference to treatment notes. Id. at 28. She also found the limitations to be inconsistent with claimant's lack of assistive device, the findings regarding gait and strength, and plaintiff's generally conservative and inconsistent treatment. Id.

## ANALYSIS

Plaintiff argues that ALJ Crovella's decision was deficient because: (1) she erred by not assessing mental limitations in determining the RFC; (2) she failed to consider plaintiff's need for bathroom breaks and its effect on off-task time. Plaintiff's Memorandum of Law [12-1] at 21-30.

## A.      Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42

U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . .  the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator evaluating a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.      Did the ALJ fail to assess plaintiff's mental limitations in crafting the RFC?**

Plaintiff argues that ALJ Crovella erred in assessing her mental impairments. Plaintiff's Memorandum of Law [12-1] at 21-25. She argues that ALJ Crovella failed to separately consider her mental impairments in conjunction with making the RFC determination, and thus her failure to incorporate any mental limitations into the RFC is unsupported. Id.

At step two, the ALJ must determine whether plaintiff has a medically determinable impairment, or combination of impairments, that is "severe". 20 C.F.R. §416.920(a)(ii). A medically determinable impairment is one that "result[s] from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques". §416.921. A "severe" impairment (or combination of impairments) is a medically determinable impairment that "significantly limit[s] your physical or mental ability to do basic work activities". §416.922(a).

Here, at step two, ALJ Crovella found plaintiff's mental conditions of substance abuse disorder, anxiety, and depression to be medically determinable impairments. Id. at 20. However, she found that these conditions, either singly or together, did not cause more than minimal limitations in plaintiff's ability to perform basic work activities and were thus non-severe. Id. She found that such conditions caused "only mild limitations" in each of the four broad functional areas known as the "paragraph B" criteria. Id. She reasoned that, while plaintiff did complain about some stressful life events and occasionally presented as depressed or anxious, she repeatedly declined to participate in mental health treatment and her mental status findings were largely normal. Id.

However, as ALJ Crovella expressly recognized, "[t]he mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment". Id. at 21; *see* 20 C.F.R. §404.1545(a)(2) ("[w]e will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your [RFC]"); Parker-Grose v. Astrue, 462 F. App'x 16, 18 (2d Cir. 2012) ("[an] RFC determination must account for limitations imposed by both severe and nonsevere impairments").

Thus, "even if the ALJ finds only ''mild' restrictions' resulting from a non-severe impairment, the ALJ still must address those restrictions as part of her RFC analysis". Valerie L. v. Commissioner of Social Security, 2022 WL 409575, *2 (W.D.N.Y. 2022). That is because "[w]hile a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim". Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, *5.

Contrary to the Commissioner's arguments, ALJ Crovella did not assess plaintiff's mental impairments in making her RFC determination. While she found that plaintiff's activities of daily living were not consistent with the physical and mental limitations alleged (*see* [5] at 24), she made no separate assessment of what plaintiff's mental limitations would be. While she correctly noted that plaintiff failed to attend her consultative examination, and that such failure could have – in and of itself – resulted in a finding of no disability, she declined to exercise that option. *See* [5] at 27; 20 C.F.R. §404.1518.[3] Instead, she simply deferred to her earlier finding at step two. *See* [5] at 28 ("as noted in Finding 3, above, I have found the claimant's mental impairments to be non-severe"). As discussed, an ALJ's finding that an impairment is "non-severe" does not end the inquiry (at least where there are other, severe impairments), and further findings regarding the impairments impact (or lack thereof) of such impairments on the RFC is required. *See* Parker-Grose, 462 F. App'x at 18; Valerie L., 2022 WL 409575 at *2.

While the Commissioner is correct that the existence of mild limitations does not compel inclusion of any particular mental restriction into the RFC, as the cases he cites explain, that does not relieve the ALJ of her duty to make that assessment in the first instance. *See, e.g.*, Kendra C. v. Commissioner of Social Security, 2024 WL 1242413, *10 (W.D.N.Y. 2024) ("if a mental impairment causes only mild limitations . . . , the ALJ does not necessarily err by formulating an RFC without mental limitations or restrictions . . . *[where] the ALJ's decision demonstrates that he considered plaintiff's mental impairments throughout the sequential evaluation* but concluded that they did not cause functional limitations") (emphasis added);

---

[3]    20 C.F.R. §404.1518 provides that "[i]f you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability, we may find that you are not disabled".

Christian H. v. Commissioner of Social Security, 2022 WL 3648022, *4 (W.D.N.Y. 2022) ("[a]lthough *an ALJ must account for limitations caused by both severe and nonsevere impairments in formulating the RFC*, if a mental impairment causes only mild limitations that do not result in any functional work-related restrictions, the ALJ does not err by formulating an RFC without mental limitations or restrictions") (emphasis added).

Thus, while ALJ Crovella may have been able to permissibly craft the RFC as she did, she inadequately explained her basis for doing so. "It is not the function of this Court to speculate as to the evidence and legal standards on which the ALJ based [his] decision, nor to supply its own rationale where the ALJ's decision is lacking or unclear." Matthews v. Commissioner of Social Security, 2018 WL 4356495 *4 (W.D.N.Y. 2018); *see generally* Cichocki v. Colvin, 729 F.3d 172, 177 (2d Cir. 2013) ("[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review"). Neither the court's surmise nor the Commissioner's *post hoc* explanation suffices. *See* Merkel v. Commissioner of Social Security, 350 F. Supp. 3d 241, 249 (W.D.N.Y. 2018) ("[d]efendant's after-the-fact explanation as to why the ALJ rejected [a medical] opinion cannot serve as a substitute for the ALJ's findings"); Booker v. Astrue, 2011 WL 3735808, *5 (N.D.N.Y. 2011) ("it is an elementary rule that the propriety of agency action must be evaluated on the basis of stated reasons").

For this reason, remand is required.

**C.     Did the ALJ properly account for plaintiff's potential off task time?**

Plaintiff also argues that ALJ Crovella failed to consider plaintiff's need for bathroom breaks and its effect on off-task time. Plaintiff's Memorandum of Law [12-1] at 25-30.

At step two, ALJ Crovella found plaintiff's IBS and chronic diarrhea to be non-severe. [5] at 20. She found that "no source for the diarrhea was identified on colonoscopy", and that "there is no evidence that the diarrhea would result in increased bathroom (work) breaks during the workday". Id. (citing medical records).

However, plaintiff points to treatment records dated January 10, 2020, July 6, 2020, and January 13, 2021, in which she reported post-cholecystectomy diarrhea "3-10 times" (presumably per day) with very loose stool. [5] at 478, 488, 858. On October 8, 2020, plaintiff reported that, while she was experiencing some relief from medication, she was still having "3-5" stools a day with bloating and cramping. [5] at 863.

While certainly "the ALJ is not obligated to accept the claimant's subjective complaints without question", "the ALJ is required to consider the claimant's subjective complaints of pain and other symptoms" in the first instance. Garrett v. Commissioner of Social Security, 2019 WL 2163699, *2 (W.D.N.Y. 2019); see 20 C.F.R. §404.1529(c)(3) ("[b]ecause symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, we will carefully consider any other information you may submit about your symptoms . . . [w]e will consider all of the evidence presented, including . . . your statements about your symptoms").

"If the ALJ finds that a claimant's subjective testimony should be rejected, he or she must explicitly state the basis for doing so with sufficient particularity to enable a reviewing court to determine whether those reasons for disbelief are legitimate and whether the determination is supported by substantial evidence." Michael K. A. v. Commissioner of Social Security, 2022 WL 4226099, *5 (N.D.N.Y. 2022). Here, ALJ Crovella did not do so. Rather, she

simply stated that there was "no evidence" that such gastrointestinal issues would require increased bathroom breaks.

I agree that there is no medical opinion that addresses plaintiff's need for bathroom breaks, but, in light of the treatment records cited above, it is inaccurate to say there was "no evidence" of such need. The court is thus left without sufficient explanation as to why ALJ Crovella felt that no accommodations were required. *See* Cherise J. v. Commissioner of Social Security, 2023 WL 2472476, *5 (W.D.N.Y. 2023) ("[a]lthough it is within the ALJ's discretion to weigh plaintiff's testimony and to partially credit her alleged limitations, the ALJ's failure to provide further explanation for her specific finding precludes judicial review and warrants remand"); Kelly S. v. Commissioner of Social Security, 643 F. Supp. 3d 396, 402 (W.D.N.Y. 2022) ("[t]he written determination includes no further explanation as to why the ALJ did not afford Plaintiff additional bathroom breaks . . . such as a finding that Plaintiff's testimony that she has five-to-six stools during an eight-hour period was not credible or not supported by other evidence in the record. Without further explanation, the Court is left with the impression that the ALJ simply determined, without consideration of the evidence in the record or further explanation, that the typical two breaks and a lunch period would suffice to accommodate Plaintiff's condition").

Further compounding this error is the fact that Drs. Periakaruppan and Siddiqui, who authored the only medical opinions of record that ALJ Crovella credited, both assessed plaintiff with "severe" inflammatory bowel disease. Id. at 73, 88. As ALJ Crovella found plaintiff's bowel condition to be non-severe (id. at 20), her decision departs from the medical evidence without explanation. *See* Willie A. K. v. Commissioner of Social Security, 2025 WL

-12-

410062, *5 (W.D.N.Y. 2025) ("an ALJ's decision must adequately explain any departure from the medical opinion evidence").

For all these reasons, remand is required.

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [12] is granted to the extent of remanding this claim to the Commissioner for further proceedings consistent with this Decision and Order, and is otherwise denied, and the Commissioner's motion for judgment on the pleadings [14] is denied.

**SO ORDERED**.

Dated: March 30, 2026

/s/ Jeremiah J. McCarthy
JEREMIAH J. McCARTHY
United States Magistrate Judge